UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60958-CIV-COHN/SELTZER

ELIZA HEPBURN-BELIZAIRE,

      Plaintiff,

v.

KAPLAN UNIVERSITY, et al.,

      Defendants.
_____/

## ORDER CLARIFYING STATUS OF CASE

**THIS CAUSE** is before the Court upon review of the record.  On April 26, 2012, Plaintiff filed her *pro se* Complaint [DE 1-1 at 7-8] in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.  The Complaint seeks damages for claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. and the Age Discrimination Act, 29 U.S.C. §§ 621, *et seq*.  See Compl. On May 21, 2012, Defendant Kaplan University, Inc. removed this action to this Court based on federal question jurisdiction.  See Notice of Removal [DE 1].  Defendant filed its Answer and Affirmative Defenses [DE 5] on May 25, 2012.

On June 5, 2012, Plaintiff filed a Suggestion of Bankruptcy [DE 7] through Attorney Elias Leonard Dsouza.  The filing indicates that Plaintiff filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on January 1, 2012 in Case Number 12-11290-BKC-JKO in the Southern District of Florida.  Id.  The filing also represents, "Pursuant to the Bankruptcy Code, 11 U.S.C. § 362, the above-styled cause is and has been automatically stayed."  Id.

However, § 362 only provides for an automatic stay applicable to all entities of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor*."  11 U.S.C. § 362(a)(1).  The automatic stay generally does not apply to litigation initiated by the debtor.  See, e.g., McNeil v. Powers, 97 P.3d 760, 764 (Wash. Ct. App. 2004); In re Kaiser Aluminum Corp., 303 B.R. 299, 303 (D. Del. 2003).  The instant action has not been filed *against* the debtor, but rather *by* the debtor.  Therefore, § 362 does not stay this action.  See Rhone-Poulenc Surfactants & Specialties, L.P. v. C.I.R., 249 F.3d 175, 180 (3d Cir. 2001) (bankruptcy petition filed by successor in interest to taxpayer-corporation's parent did not stay taxpayer-corporation's appeal from denial of its motion for summary judgment in tax court proceeding because § 362 "stays only actions or proceedings '*against* the debtor'"); accord Roberts v. C.I.R., 175 F.3d 889, 893 (11th Cir. 1999).  A seasoned bankruptcy attorney such as Mr. Dsouza should have known this much.

Accordingly, the parties shall note that, contrary to Mr. Dsouza's representation, this case has NOT been stayed.  The case shall proceed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of June, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via CM/ECF regular mail